UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PACE CONSTRUCTION SERVICES L L C** | **CASE NO.  2:23-CV-00197** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FEDERAL INSURANCE CO** | **MAGISTRATE JUDGE LEBLANC** |

### ORDER

Before the court are *Sauer's Conditional Motion to Quash or Modify Subpoena* [doc. 24] filed by third party Sauer Construction LLC, f.k.a. Sauer Inc. ("Sauer") and a *Motion to Compel* [doc. 29] filed by Pace Construction Services ("Pace").  For the reasons that follow, it is

**HEREBY ORDERED** that the Motion to compel [doc. 29] is **DENIED** without prejudice. It is **FURTHER ORDERED** that the motion to quash [doc. 24] is **DENIED** as moot.  It is **FURTHER ORDERED** that the stay in this matter is hereby **LIFTED** to allow Pace to pursue its Miller Act claims against Sauer's surety.  It is **FURTHER ORDERED** that defendant, Federal Insurance Company, shall file an answer or other appropriate responsive pleadings to Pace's Complaint [doc. 1] within twenty-one (21) days after the date of this Order.  In the event of a timely appeal of this ruling, this responsive pleading deadline shall be suspended pending a ruling by the District Judge.

## Discussion

This Miller Act litigation arises from a construction project to renovate barracks at the U.S. Army Base at Fort Polk, formerly Fort Johnson,[1] in Vernon Parish, Louisiana. Doc. 1, pp. 1–2. Plaintiff Pace is a subcontractor who performed work on the project, pursuant to a subcontract agreement between itself and the Design-Builder, Sauer. Sauer's surety, Defendant FIC, executed a payment bond in the amount of Sauer's prime contract with the owner of Fort Polk, the Department of the Army—Fort Worth Division (the "Owner").

This litigation is currently stayed by order of this court (the "Stay Order") pursuant to a provision of the subcontract requiring such a stay. Doc. 23. The stay was to remain in effect "until the earlier of the completion of the contractual dispute resolution procedures described in Section 11.1.2 of the Subcontract or entry of an order by this Court lifting the stay." The memorandum order also authorized Pace to conduct limited discovery relative to the facts necessitating the stay, ordering that:

> plaintiff Pace Construction Services ("Pace") is authorized to conduct limited discovery concerning facts relevant to the stay request, including without limitation whether and the extent to which non-party Sauer Incorporated intends to pursue claims on Pace's behalf with the Owner, the progress made toward resolution of those claims between Sauer Incorporated and the Owner, and whether any claims raised by Pace in this litigation have completed the contractual claims resolution process.

Doc. 23. Now before the court are motions concerning Pace's attempts to conduct such discovery and Sauer's objections thereto. Docs. 24, 29. In its motion to compel, Pace seeks documents falling into three categories: "(1) whether and to what extent Sauer intends to pursue Pace's claims, (2) status of any pending claims between Sauer and the Owner, and (3) facts related to the

---

[1] During the pendency of this litigation, the military installation was renamed Fort Johnson from June 2023 to July 2025, as reflected in prior orders. It has recently been redesignated as Fort Polk, the name it bore during the construction project.

2

conditions giving rise to delays causing Pace's claims." Doc. 29, att. 1, p. 10. While Sauer has produced some materials, Sauer's position throughout its objections to discovery and its briefing to the court is that as-yet unproduced materials requested by Pace are irrelevant to the stay and/or would be unduly burdensome to produce.

The Stay Order explained that three unresolved aspects of the contractual dispute resolution process warranted a stay of litigation: 1) Sauer had made numerous and as-yet unresolved requests for equitable adjustment ("REAs") to the Owner "seeking millions of dollars in costs and time impacts allegedly owed by the owner[,]" and "at least one," REA001, included claims on behalf of Pace; 2) also pending within the REAs were Sauer's requests for delay damages related to the parapet wall change order ("Change Order No. 6"), a source of damages that Pace expressly identified in the Complaint; and 3) the Owner had assessed Sauer approximately $3 million in liquidated damages, but the Owner was "reconsidering" that figure because of the pending REAs. Doc. 23, pp. 3–5. The court determined that Section 11.1.2 of the Subcontract required the litigation to be stayed. That provision states:

> It is expressly agreed that if Subcontractor files a Miller Act lawsuit which includes any claim(s) involving the correlative rights or duties of Owner, and such claim(s) is/are not otherwise dismissed by the Court, the Subcontractor shall stay the lawsuit for such time as necessary to pursue such claim(s) against the Owner pursuant to the terms of this paragraph.

Doc. 10, att. 1, p. 28. In determining that this provision required the litigation to be stayed, the Stay Order expressed uncertainty as to whether Pace's claims in this litigation stood to be affected by Sauer's negotiations with the Owner as to the second and third of the unresolved issues (the delay damages related to the parapet wall change order and the Owner's reconsideration of its assessed liquidated damages).[2]

---

[2] Doc. 23, p. 4, nn. 3-4.

Sauer's briefing sheds some light as to those latter two items and the extent of the claims related to Pace in its REAs. In its discovery responses and briefing, Sauer clarifies that it does not intend to submit any claims to the Owner on Pace's behalf other than the single claim contained in REA001. Doc. 32, p. 6. Sauer explains that it recently converted all REAs into a single Certified Claim that has been provided to the Owner. Sauer has produced the Certified Claim to Pace in discovery, along with the original REA001 and Sauer's correspondence with the Owner about their negotiations. From Sauer's perspective, "those documents fully reflect Sauer's intent to pursue claims on Pace's behalf." Doc. 32, p. 6. In its memorandum in opposition to the motion to compel, Sauer further asserts that "Sauer has represented multiple times that *a* claim involving Pace was included within REA001, which was submitted to the owner, and that it does not intend to submit any other claims on Pace's behalf to the owner." Doc. 32, p. 6. (emphasis added). "Sauer submitted additional REAs to the owner, but none included claims on behalf of Pace." Doc. 32, p. 1.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 683 (1997). However, "stay orders will be reversed when they are found to be immoderate or of an indefinite duration." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 249 (1936)); *Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 905 (S.D. Tex. 2008) (lifting stay of civil action over objection that government's position in a related criminal case could be impaired thereby). A "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Landis v. N. Am. Co.*, 299 U.S. 248, 249 (1936) (discussing the "power of a court to stay proceedings in one suit until the decision of another"). In Miller Act

4

litigation, a "Court should not exercise its power to stay proceedings lightly." *United States for Use & Benefit of TSI Tri-State Painting, LLC v. Fed. Ins. Co.*, No. CV 216-113, 2016 WL 7385715, at *4 (S.D. Ga. Dec. 20, 2016).

The briefing before the court establishes that the current stay, which has been in place for over a year, has become "immoderate." It is disproportionate and unreasonable to subject Pace's $1.3 million claim to a protracted stay under these circumstances. Considering that the single claim involving Pace in REA001 is for only $8,500 and that Sauer does not consider any other aspect of its Certified Claim or its negotiations with the Owner relevant to Pace, it is appropriate to lift the stay to allow this litigation to proceed. This being the case, it is no longer necessary for Pace to conduct discovery as to the facts necessitating the stay. This order is made without prejudice to Pace's right to conduct discovery in connection with the unstayed litigation.

**SO ORDERED** at Lake Charles, Louisiana, this 22nd day of August, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**