UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PACE CONSTRUCTION SERVICES L L C** | **CASE NO. 2:23-CV-00197** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FEDERAL INSURANCE CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 47] filed under Federal Rule of Civil Procedure 12(b)(6) by Sauer Construction LLC ("Sauer"), in response to the counterclaims asserted by plaintiff Pace Construction Services LLC ("Pace"). Pace opposes the motion. Doc. 52.

### I.
#### BACKGROUND

This suit arises from a federal construction project for the renovation of barracks at Fort Polk, a United States Army installation in Vernon Parish, Louisiana. The Army ("Owner") contracted with Sauer under Contract No. W9126G-18-C-0072 ("Prime Contract") for Sauer to serve as design-build contractor for the project. Doc. 1, att. 5. Sauer then entered into a Subcontract Agreement No. S1C1765-1B ("Subcontract") with plaintiff, Pace, under which Pace was to provide labor, materials, and equipment to assist Sauer in completing the Prime Contract. Doc. 1, att. 3. This work included gypsum assemblies, metal framing, and building insulation. Doc. 46, p. 11 ¶ 8. Pace was also required to obtain payment and performance bonds. Doc. 1, att. 3, pp. 7–8. These bonds were issued by

defendant Federal Insurance Company ("Federal"), which acted as surety. Doc. 1, att. 2. Pace filed suit against Federal in this court in February 2023, alleging that its work on the Project was delayed by various circumstances[1] causing damages in the amount of $1,023,858.73. Doc. 1, ¶¶ 10–11. Accordingly, it sought to recover delay damages and the balance of the Subcontract from Federal under the Miller Act, 40 U.S.C. § 270(a)–(d), *amended by* 40 U.S.C. §§ 3131–3134.

After a lengthy stay imposed by the Subcontract was lifted, Sauer intervened as defendant and asserted state law counterclaims for breach of contract and breach of performance bond against Pace and its surety. Doc. 44. In response Pace raised a counterclaim for bad faith and/or intentional breach of contract against Sauer. Doc. 46. It alleges damages from the unpaid balance of the Subcontract as well as consequential damages including lost profits and higher costs. *See id.* at pp. 14, 17, ¶¶ 24, 35–36. Sauer now moves to dismiss Pace's counterclaims, except to the extent that the counterclaim states a breach of contract claim for the unpaid balance of the Subcontract. To this end it asserts that (1) delay damages are not available under the Subcontract and (2) Pace fails to state a claim for lost profits or other consequential damages caused by bad faith or an intentional breach of contract. Doc. 47, att. 1. Pace opposes the motion. Doc. 52.

---

[1] In particular, Pace alleges delays resulting from (1) site conditions, including the discovery of asbestos and the presence of parapet walls not connected to the existing roof deck; (2) the COVID-19 pandemic; (3) unusually bad weather; and (4) directives to suspend work, perform work out of sequence, and/or correct defective work of a subcontractor hired to supplement Pace's work. Doc. 1, ¶ 10; doc. 46, p. 12, ¶¶ 10–14.

## II.
## LAW & APPLICATION

### A. Legal Standards

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

Sauer first asserts that the Subcontract does not allow for delay damages. The Subcontract provides:

> **5.3.6 CLAIMS RELATING TO DESIGN-BUILDER**. Should the Subcontractor's Work be **delayed, disrupted or interfered with** solely as a

> result of the acts or omissions of Sauer or anyone employed by Sauer on the Project, then Subcontractor shall receive an extension of time equal to the actual delay . . . as determined by Sauer. . . . An extension of time, as determined by Sauer, or the decision that no extension shall be allowed, shall be the Subcontractor's sole remedy for the delay. In exchange, Subcontractor expressly waives the right to bring against Sauer or Sauer's surety any claim for damage for delay, inefficiency, disruption, acceleration, interference, extra work resulting from such delay, extended overhead, wage escalation, overtime wage provisions, lost opportunity or lost profit or financial impact on Subcontractor's other projects.

Doc. 1, att. 3, p. 11. Further, under Article 5.3.3, "Sauer shall not be liable to Subcontractor for any delay, disruption or interference . . . caused by" any number of circumstances, including weather conditions, change orders, and the act, omission, or fault of the Owner. *Id.* at 10.

Nevertheless, Pace claims a bad faith and/or intentional breach of contract based in part on allegations that Sauer "failed to communicate crucial information regarding Change Orders relative to the Subcontract Work," "failed to submit the proper Change Order documentation to the Owner for approval," "failed to inform Pace that the Project schedule changed and the priorities on multiple projects at Fort Polk had been adjusted," and communicated with the U.S. Army about "reallocat[ing] the available project resources to Project 0074 and away from the Project at issue in this litigation" while at the same time falsely claiming that any delays were attributable to Pace. Doc. 46, pp. 14–15, ¶¶ 22–23, 26–28. Additionally, Pace alleges that Sauer "intentionally made false and misleading statements regarding the quality and quantity of Pace's work to Pace's surety." *Id.* at p. 15, ¶ 29. As a result, Pace asserts, it suffered damages. *Id.* at p. 17, ¶¶ 35–36.

Louisiana Civil Code article 2004 nullifies any contractual clause that, "in advance, excludes or limits the liability for one party for intentional or gross fault that causes damage to the other party." La. Civ. Code art. 2004. "Gross fault," as used in that article, "encompasses not only gross negligence, but also bad faith breach of contract or fraud." *Alonso v. Westcoast Corp.*, 920 F.3d 878, 885 (5th Cir. 2019) (quoting *Wadick v. Gen. Heating & Air Conditioning, LLC*, 145 So.3d 586, 599 (La. Ct. App. 4th Cir. 2014)). Accordingly, a no-damages-for-delay clause may not be invalidated because it permits a party to stipulate an exemption for its own negligence. *Pellerin Const., Inc. v. Witco Corp.*, 169 F.Supp.2d 568, 584 (E.D. La. 2001) (citing *Freeman v. Dep't of Hwys.*, 217 So.2d 166 (La. 1968)). Instead, such clauses are "enforceable in the absence of evidence of intentional or gross fault." *Id.* at 585.

Sauer maintains that Pace's allegations fall outside the no-damages-for-delay exemption, because it separately alleges other causes of delay, supra note 1, not attributable to any fault of Sauer. It also asserts that Pace's allegations are conclusory and do not amount to a bad faith breach of contract claim.[2] But Pace has alleged that "Sauer interfered with, stopped, hindered, or delayed Pace" from completing its work through the factual allegations made under the bad faith breach of contract claim. Doc. 46, p. 14, ¶ 21. Pace further alleges that it has incurred damages as a result. *Id.* at p. 17, ¶¶ 35–36. The court

---

[2] Sauer further argues that Pace has not identified a specific contractual provision for its underlying breach. But the Subcontract provides under Article 4.6 that "[t]he Design-Builder shall transmit to the Subcontractor, with reasonable promptness, all submittals, transmittals, and written approvals relative to the Subcontract Work." Doc. 1, att. 3, p. 9. "While litigants should, when possible, identify specific contractual provisions alleged to have been breached, Rule 8 does not require that level of granularity." *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021). To the extent Pace wishes to clarify any additional contractual provisions or duties that may apply, it may do so through the amendment to its counterclaim.

finds no ambiguity in the above provisions. To the extent that Pace has alleged that its damages are due to delays or other hindrances created by Sauer, its claim falls within the Article 5.3.6. Further, then, Pace's allegations fall within the gross fault exception to the extent that it states a claim for bad faith breach of contract.

Under Louisiana law, such a claim requires that the obligor "intentionally and maliciously fail[ed] to perform his obligation." La. Civ. Code art. 1997, Rev. cmt. (b). Bad faith is not "mere bad judgment or negligence[;] it implies the conscious doing of a wrong for dishonest or morally questionable motives." *Volentine v. Raeford Farms of La., LLC*, 201 So.3d 325, 338 (La. Ct. App. 2d Cir. 2016). Accordingly, a plaintiff must allege both a breach of the agreement as well as an intent to harm or some other "dishonest or morally questionable motive[]." *Id.*

The failure to communicate change orders or submit the proper documentation form the only clear breaches of the Subcontract and may stem from mere negligence. *Supra*, note 2. Pace has further alleged that Sauer attempted to cover its breach with misrepresentations to the project owner and to Pace's surety, as a result of which Pace suffered damages. But there is no allegation that the underlying contractual breach stemmed from a dishonest or morally questionable motive.[3] Pace fails to state a claim for bad faith breach of contract. This failure not only implicates Article 5.3.6 but also

---

[3] Pace notes that the Fifth Circuit affirmed a jury verdict in *Alonso*, supra, finding gross fault by a contractor who misrepresented communications, failed to submit Change Orders, and failed to make timely payment. But plaintiff in that matter alleged that "Westcoast breach the contract by: not obtaining change orders, not providing workable plan specifications, and not providing access to the Corps." 920 F.3d at 884. The only breach of a specific contractual provision that this court can identify, on the other hand, relates to the failure to promptly communicate Change Orders. Although the allegations provide a sufficient basis from which the court could determine more serious fault by Sauer in covering up its breach, Pace has provided nothing from which the court could find "gross fault" on the underlying breach.

jeopardizes the availability of consequential damages. *See Hi-Tech Electric, Inc. of Delaware v. T&B Const. and Elec. Servs., Inc.*, 2018 WL 2268168, at *7 (E.D. La. May 17, 2018) ("Moreover, the only difference between breach and breach in bad faith is that the latter permits recovery of nonforeseeable damages."). The motion will therefore be granted and these claims will be dismissed, without prejudice to Pace's right to timely amend.

### III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 47] will be **GRANTED** and Pace's counterclaims [doc. 46] against Sauer, except to the extent that Pace states a claim for the unpaid balance of the Subcontract, will be **DISMISSED** without prejudice to Pace's right to amend within 60 days. If no amendment is made within that time, these counterclaims are automatically **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 13th day of January, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**